UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JOHNSON

          Petitioner,          Case Number: 2:09-CV-11889

v.          HONORABLE STEPHEN J. MURPHY, III

MARY BERGHUIS,

          Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Anthony Johnson's pro se petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Johnson, presently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, challenges his convictions for second-degree murder, two counts of assault with a dangerous weapon, and possession of a firearm during the commission of a felony. In his petition, Johnson raises the following three claims: (1) Johnson's confession was a result of an illegal arrest in violation of his Fourth Amendment rights; (2) the gun used in the shooting was the product of an illegal search and seizure in violation of the Fourth Amendment; and (3) Johnson received ineffective assistance of counsel.

For the reasons stated below, the Court denies the habeas petition because Johnson's claims are without merit. The Court also declines to issue a certificate of appealability.

**BACKGROUND**

Johnson's conviction arises from a shooting that occurred at a bus stop in the City

of Detroit on August 13, 2002. The shooting resulted in the death of Freddie Bishop and the injury of James Robinson.

On January 8, 2003, Johnson was found guilty of first-degree murder and was sentenced to concurrent sentence of life in prison on the murder conviction, two to four years imprisonment on the assault convictions, and a two year consecutive sentence for the felony firearm conviction. On October 14, 2004, that conviction was reversed by the Michigan Court of Appeals on a jury instruction-related issue, and remanded to the trial court for retrial. *People v. Johnson*, No. 246937 (Mich. Ct. App. Oct. 14, 2004).

Johnson was tried a second time, and on July 7, 2006, he was found guilty of second-degree murder, two counts of assault with a dangerous weapon, and possession of a firearm during the commission of a felony. He was sentenced to 450 to 720 months imprisonment for the second-degree murder conviction, two to four years imprisonment for the felonious assault convictions, and two years imprisonment for the felony-firearm conviction. He filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

    I.    Where the record of the pre-trial suppression hearing showed the arresting officer did not have probable cause to arrest appellant, in violation of the Fourth Amendment, the trial judge reversibly erred in denying the defense motion to suppress the custodial statement obtained as a fruit of that arrest.

    II.    The trial court reversibly erred in denying the defense motion to suppress the gun as the product of an illegal seizure in violation of appellant's Fourth and Fourteenth Amendment rights.

    III.    The trial court reversibly erred and denied appellant his due process rights to a fair trial in refusing to grant the defense motion to suppress all evidence of the gun, as the prosecution could not lay a sufficient foundation to prove this gun had any connection to the charged offense.

    IV.    The performance of trial counsel violated appellant's state and federal

            constitutional right to the effective assistance of counsel and by conceding appellant's custodial statement which admitted to the shooting.

V.       The trial court reversibly erred in ruling, over a defense objection, that the prosecution had exercised due diligence in seeking to locate and produce complaining witnesses Fisher and Robinson at trial, and thus that their prior recorded testimony could be read to the jury.

On November 15, 2007, Johnson's application for leave to appeal to the Michigan Court of Appeals was denied. *People v. Johnson*, No. 272823 (Mich. Ct. App. Nov. 15, 2007). On March 24, 2008, Johnson's application for leave to appeal to the Michigan Supreme Court was also denied. *People v. Johnson*, 480 Mich. 1137 (March 24, 2008).

On May 7, 2009, Johnson filed the pending habeas corpus petition, raising these claims:

I.       The record at the pre-trial suppression hearing showed the arresting officer did not have probable cause to arrest Mr. Johnson, in violation of the Fourth Amendment, the trial judge reversibly erred in denying the motion to suppress the custodial statement as a fruit of that arrest.

II.      The trial court reversibly erred in denying the defense motion to suppress the gun as the product of an illegal search and seizure, in violation of the Fourth and Fourteenth Amendments.

III.     The performance of trial counsel violated Mr. Johnson's state and federal constitutional right to the effective assistance of trial counsel and by conceding Mr. Johnson's custodial statement which admitted to the shooting.

## STANDARD OF REVIEW

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (citations omitted); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from the Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (citations omitted); *see also Bell*, 535 U.S. at 694 (2002). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citation omitted). The Supreme Court emphasized that "even a strong case of relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citation omitted). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must

ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* Section 2254(d) "does not require a state to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases — indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is generally "limited to the record that was before the state court." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 179 L.Ed. 2d 557 (2011).

## DISCUSSION

Johnson raises three claims in his petition: (1) Johnson's confession was a result of an illegal arrest in violation of his Fourth Amendment rights; (2) the gun used in the shooting was the product of an illegal search and seizure in violation of the Fourth Amendment; and (3) Johnson received ineffective assistance of counsel.

I    <u>Fourth Amendment Claims</u>

In his first and second claims, Johnson alleges two Fourth Amendment violations.

First, he claims that his custodial statement should have been suppressed because it was the product of an illegal arrest where the police lacked probable cause to arrest him. Second, Johnson claims that a gun seized from his property should have been suppressed because police did not have a warrant to search the premises. Neither of these claims may form the basis for habeas corpus relief.

"Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). The Sixth Circuit utilizes a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court:

> First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

*Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 376 Mich. 90 (Mich. 1965) (describing the availability of a pre-trial motion to suppress). Because Michigan provides a procedural mechanism for raising a Fourth Amendment claim, Petitioner may only demonstrate entitlement to relief if he establishes that presentation of his claim was frustrated by a failure of that mechanism.

Here, Johnson's Fourth Amendment claims were the subject of an evidentiary hearing in the trial court. The Michigan Court of Appeals addressed the issues of whether the arresting officer had probable cause to arrest Johnson, and whether Johnson's confession and the gun were properly admitted into evidence, and found no Fourth Amendment violation. *People v. Johnson*, No. 272823 (Mich. Ct. App. Nov. 15, 2007). The Michigan Supreme court denied leave to appeal. *People v. Johnson*, 480 Mich. 1137 (March 24, 2008). Accordingly, Johnson was provided an opportunity for full and fair litigation of his Fourth Amendment claim in the Michigan courts. His disagreement with the state courts' conclusions on his Fourth Amendment claims does not render the state's procedural mechanism inadequate.

Accordingly, Johnson's Fourth Amendment claims are without merit and do not provide grounds for habeas corpus relief.

II.     Ineffective Assistance of Counsel Claim

Johnson next argues that he was denied the effective assistance of counsel because his counsel conceded that Johnson made a statement to police admitting that he had fired his gun when he saw Bishop. Johnson argues that counsel's argument amounted to a plea of guilty without his consent.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *See Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an

objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Here, the Michigan Court of Appeals, applying the *Strickland* standard, held that Johnson's counsel's closing argument reflected a reasonable trial strategy designed to gain an acquittal of the more serious charge of first-degree murder. Police Officer Simon had testified that Johnson gave an inculpatory statement and that statement was admitted into evidence. The state court reasoned:

> By defense counsel agreeing that defendant gave the statement, he was also buttressing his lesser offense argument because, in the statement defendant gave Simon, defendant explained that he just "started shooting." He stated, "I was – I was just shooting. I didn't mean for anyone to get hurt. I'm sorry." Such statements would make a finding of premeditation and deliberation less

> probable. Consequently, defendant has not overcome the presumption that his counsel engaged in sound trial strategy, and therefore, defendant was not denied the effective assistance of counsel.

*Johnson*, 480 Mich. at 5.

Conceding guilt as a strategy for avoiding conviction of a greater offense is not generally considered ineffective assistance of counsel. In *Poindexter v. Mitchell*, 454 F.3d 564 (6th Cir. 2006), the Sixth Circuit Court of Appeals held that a concession by defense counsel that the petitioner was guilty of murder but not guilty of aggravated murder did not amount to a violation of the Sixth Amendment right to the effective assistance of counsel. *Id.* at 582 (*citing Florida v. Nixon*, 543 U.S. 175, 189 (2004) (holding that trial counsel's strategic decision to concede guilt at the guilt phase of a capital trial did not automatically render counsel's performance deficient)).

Similarly, other circuits have repeatedly recognized an attorney's decision to concede guilt on a lesser charge as "a reasonable tactical retreat rather than a complete surrender." *Baker v. Corcoran*, 220 F.3d 276, 296 (4th Cir. 2000); s*ee also Underwood v. Clark*, 939 F.2d 473, 474 (7th Cir. 1991) (concluding that defense counsel's concession during closing arguments of a lesser included offense was "a sound tactic when the evidence is indeed overwhelming . . . and when the count in question is a lesser count, so that there is an advantage to be gained by winning the confidence of the jury").

In this case, Johnson has failed to show that the state court of appeals' assessment of his lawyer's trial strategy unreasonably applied *Strickland*. Defense counsel's strategy was reasonable in light of Johnson's own incriminating custodial statement and the previous verdict of guilty of first-degree murder. This strategy did not fall below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Further, in view of

Johnson's custodial statement and the other evidence adduced at trial, the Court cannot conclude that "there is a reasonable probability that," but for counsel's trial strategy, "the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Accordingly, because Johnson's ineffective assistance of counsel claim is without merit, his habeas petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

A Petitioner must receive a certificate of appealability before he or she may appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. § 2253(c)(1)(A), (B). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

Reasonable jurists could not debate the correctness of this Court's ruling, and thus the Court will not issue a certificate of appealability.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 16, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November, 16, 2011, by electronic and/or ordinary mail.

Carol Cohron
Case Manager
